UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL ROBINSON,          )     CIVIL ACTION NO. 4:18-cv-0989
          Plaintiff        )
                       )     (BRANN, D.J.)
     v.                   )
                       )     (ARBUCKLE, M.J.)
GEISINGER HOSPITAL, *et al.,*   )
          Defendants    )

<u>MEMORANDUM</u>

On May 9, 2018, Plaintiff Michael Robinson ("Plaintiff") initiated this *pro se* civil action against the following Defendants: Dawn Faust ("Defendant Faust"), formerly a nurse at Geisinger Hospital; Donald Zycoski ("Defendant Zycoski"), an attorney employed by Geisinger Hospital; and David T. Feinberg ("Defendant Feinberg"), CEO and President of Geisinger Hospital. (Doc. 1). Plaintiff also filed a Motion requesting leave of court to proceed *in forma pauperis*. (Doc. 2).

Having reviewed the Motion to proceed *in forma pauperis* (Doc. 2) it appears that Plaintiff qualifies for IFP status and the motion should be granted. In a case where leave to proceed *in forma pauperis* is granted the case is then subject to the screening provisions in 28 U.S.C. § 1915(e). *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) ("the screening procedures set forth in 28 U.S.C. § 1915(e) apply to *in forma pauperis* complaints filed by prisoners and non-prisoners alike."). Under this statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Collins v. Cundy,* 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of federal courts to prosecute an action which is totally without merit.").

After reviewing Plaintiff's complaint, I conclude that it fails to state a claim upon which relief may be granted. Although Plaintiff's Complaint, as written, would typically be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), I will grant Plaintiff an opportunity to cure the deficiencies noted herein before making a recommendation to the District Court.

I.      FACTUAL ALLEGATIONS

Plaintiff makes the following allegations against Defendant Faust:

When I was confined against my will Nurse Dawn Faust admitted to me she has accessed my phone without my consent, resulting in her termination. This is a violation of the HIPAA Privacy Act. Geisinger and Nurse Dawn Faust then conspired to cover up the act.

. . . .

Nurse for Geisinger Hospital which invaded my privacy by accessing my personal cellphone; showing pictures and emails and accessing my personal numbers. This was an act that she was terminated for, then conspired with the hospital to cover up the act.

(Doc. 1, pp. 1-2).

Plaintiff alleges that Defendant Faust is guilty of: invasion of privacy; conspiracy to cover up the act of invasion of privacy; "harm, mental and physical stress, and duress"; a violation of the Health Insurance Portability and Accountability Act ("HIPAA"); and a "DOJ criminal act to be filed." (Doc. 1, p. 2). As relief, Plaintiff seeks $500,000.00 in damages. *Id.*

Plaintiff makes the following allegations against Defendant Zycoski:

> Attorney for Geisinger Hospital. Mr. Zycoski in a conversation with myself admitted that he was aware of nurse Faust and the Invasion of privacy thus he was in a conspiracy with the hospital to cover up the HIPAA and Civil Rights Violations. A criminal act under Department of Justice rules. I plan to file criminal charges.

(Doc. 1, p. 3). As relief, Plaintiff requests $1,000,000.00 in damages. *Id.*

Plaintiff alleges that Defendant Feinberg engaged in a conspiracy to cover up "the act of invasion of privacy" and indicates that there is a "DOJ criminal act to be filed." As relief, Plaintiff requests $5,000,000.00. (Doc. 1, p. 4).

## II.     STANDARD OF REVIEW FOR SCREENING IN FORMA PAUPERIS COMPLAINTS

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants given leave to proceed *in forma pauperis*. Specifically, we are obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has observed the evolving standards governing pleading practice in the federal courts, stating that "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 209-10 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211. It also "has to 'show' such an entitlement with its facts." *Id.*

To test the sufficiency of the complaint under Rule 12(b)(6), the court must conduct the following three-step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the Plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

## III.    ANALYSIS

I construe Plaintiff's complaint as alleging two claims: (1) a violation of his privacy rights under HIPAA, and (2) a general violation of his civil rights.[1]

---

[1] Plaintiff fails to allege which amendment or statute he is filing his civil rights claim under.

A.     PLAINTIFF CANNOT PURSUE A PRIVATE CLAIM UNDER HIPAA

"[T]he existence of a private cause of action is a 'prerequisite for finding federal question jurisdiction.'" *Rigaud v. Garofalo*, No. 04–1866, 2005 WL 1030196, at *2 (E.D. Pa. May 2, 2005) (quoting *Stephen v. High Voltage Maint. Co.*, 323 F. Supp. 2d 650, 653 (E.D. Pa.2004)). While Plaintiff alleges a "violation of the HIPAA Privacy Act," his claim fails because "HIPAA does not provide a private cause of action." *Newsuan v. Colon*, No. CIV.A. 13-1199, 2013 WL 3989076, at *2 (E.D. Pa. Aug. 5, 2013). Rather, HIPAA creates its own enforcement mechanism under 42 U.S.C. § 300gg-22, which limits enforcement actions to the states or the Secretary of Health and Human Services. *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 469 (D. N.J. 2013) ("The ability to bring an enforcement action to remedy HIPAA violations, and ensure that a healthcare provider is HIPAA complaint, lies within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens.").

Therefore, Plaintiff cannot state a claim under HIPAA. As such, Plaintiff's claim fails.

B.     PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM FOR A CIVIL RIGHTS VIOLATION

A plaintiff stating a claim for an alleged violation of their civil rights may utilize 42 U.S.C. § 1983 as a vehicle to file said claim. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another

individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). To state a cognizable claim under § 1983, Plaintiff must allege facts demonstrating that (1) a deprivation of a federally protected right has occurred and (2) this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

Plaintiff generally alleges a claim for a civil rights violation (Doc. 1, p. 4), but does not cite any statutory or constitutional basis for this claim. As such, Plaintiff fails to allege sufficient facts to support a conclusion that a deprivation of a federally protected right occurred.

A plaintiff seeking relief under § 1983 bears the burden of proving that the defendant acted under color of state law. *Smith v. Devline*, 239 F. App'x 735, 736 (3d Cir. 2007). Additionally, the involuntary commitment of mentally ill patients is not considered state action under § 1983. *See Bodor v. Horsham Clinic Inc.*, Civ. A. No. 94–7210, 1995 WL 424906 at *3 (E.D. Pa. July 19, 1995) (holding that the involuntary commitment of the mentally ill does not constitute state action for the purposes of § 1983).

Plaintiff fails to allege any facts which could support an allegation that Defendants were acting under color of state law. Rather, Plaintiff merely alleges that Defendants were all employees of Geisinger Hospital at the time of the alleged

civil rights violation. *Id*. Assuming Plaintiff's claim he was "confined against [his] will" indicates he was involuntarily committed, Plaintiff still fails to allege Defendants acted under color of state law. *Bodor*, 1995 WL 424906 at *3.

Therefore, Plaintiff fails to allege sufficient facts to support his claim of a civil rights violation. As such, Plaintiff fails to state a claim under § 1983.

C.   THIS COMPLAINT FAILS TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Dismissal of this Complaint is also warranted because the Complaint fails to comply with Rule 8's basic injunction that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." *Scibelli v. Lebanon County*, 219 F.App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995)).

In this case, Plaintiff fails to plead sufficient facts to support his claim for a civil rights violation. Although a violation of a federally protected civil right may

invoke the jurisdiction of this Court, Plaintiff fails to allege what federally protected civil right has been violated by Defendants. Not only did Plaintiff fail to specify what right was violated by Defendants' conduct, but he also failed to specify when or where the violation occurred. As a result, Plaintiff's bald assertion that his civil rights have been violated has not been pleaded with sufficient particularity to state a cognizable claim.

D. THIS COURT CANNOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S INVASION OF PRIVACY CLAIM

It is only proper for a federal court to exercise jurisdiction over a state law claim if: 1) the federal and state law claims arise out of the same set of circumstances, and 2) the federal claims are sufficient to grant the court subject-matter jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Neither Plaintiff's HIPAA nor his civil rights claims are sufficient to give this Court subject-matter jurisdiction. This Court does not determine whether Plaintiff has a valid state law claim for invasion of privacy. However, such a claim would fall under the authority of the Commonwealth of Pennsylvania and should be filed in a state court. *Rolax v. Whitman,* 53 F. App'x 635, 638 (3d Cir. 2002) ("An invasion of privacy claim is not a constitutional tort, however, but rather a creature of state law.").

E.    PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH LOCAL RULE 8.1

Pursuant to Local Rule 8.1, except as necessary to establish minimum amount in controversy in diversity cases, a plaintiff must not request a specific amount of unliquidated damages. L.R. 8.1. Plaintiff is only permitted to generally allege that he or she is entitled to monetary relief. *Id*. Specific requests for unliquidated damages are routinely stricken by this Court. *See*, *e.g.*, *Collier v. Fisher*, 2013 WL 955047, at *2 (M.D. Pa. Mar. 12, 2013); *Positano v. Dalbalso*, 2016 WL 6089865, at *6 (M.D. Pa. Aug. 17, 2016). Therefore, to the extent that Plaintiff seeks a specific amount of unliquidated damages, his request should be stricken from the Complaint.

F.    PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 10(B)

Plaintiff's Complaint also does not comply with F.R.Civ.P. 10(b) which requires that pleadings "must state claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Should Plaintiff elect to file an amended complaint he should do so by numbering each paragraph and limiting each numbered paragraph to one key fact in order to comply with Rule 10(b).  An appropriate Order will follow.

Date: November 27, 2018                BY THE COURT

                                       *s/William I. Arbuckle*
                                       William I. Arbuckle
                                       U.S. Magistrate Judge